FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JOHN LEW BROWN, deceased, through Clinton L. Brown as the Administrator of his Estate,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FERRY COUNTY, PETER C. BRANDON, KARIN HALL, and FERRY COUNTY SHERIFF RAY MAYCUMBER,<br><br>　　Defendants. | No. 2:19-CV-00283-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT**<br><br>**[ECF Nos. 17, 34]** |

　　Before the Court is Defendants' Joint Motion for Summary Judgment. ECF 17. A telephonic hearing was held on June 4, 2020. Plaintiff was represented by Douglas Phelps. The Ferry County Defendants were represented by Michael McFarland. Defendant Peter Brandon was represented by Thomas Miller.

　　John Lew Brown died in a fire that engulfed his mobile home, which was located in Ferry County, Washington. Plaintiff, representing Mr. Brown's estate, initially brought this lawsuit in Lincoln County Superior Court in August 2019. Defendants removed the action to the Eastern District of Washington shortly thereafter. Plaintiff is bringing claims for Fourteenth Amendment Right to Bodily

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 1**

Integrity and state law claims for Wrongful death / Negligence and Negligent Training, Retention, and Supervision.

Defendants now move for summary judgment. They argue Plaintiff's Fourteenth Amendment claim is precluded by *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189 (1989). They assert no government actor created the danger faced by Plaintiff and therefore they cannot be held responsible. Defendants also argue the public duty doctrine bars the wrongful death and negligence state claims. Finally, Defendants maintain that Plaintiff's negligent training, retention, and supervision claims fail because Mr. Brandon was acting within the course and scope of his employment at the time of the action in question. Defendants also move to strike portions of affidavits that they argue are irrelevant or are not based upon personal knowledge.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 2**

party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Facts

The majority of the facts are not in dispute since they come from the transcripts and recordings of a series of 911 calls that were made on July 26, 2016.

At the time of the fire, John Ley Brown lived in a mobile home that was located outside the city of Republic off the Old Kettle Falls Road. The Old Kettle Falls Road extends eight miles. Prior to being renamed the Old Kettle Falls Road, the lower half of the road was known by locals as Cook Mountain Road and the upper half was known as Walker Hill. The Cook Mountain Road portion of Old Kettle Falls Road was located off Highway 21. The Walker Hill portion of Old Kettle Falls Road was located off Highway 20.

At 4:05 p.m. on July 26, 2016, Mr. Brown called 911 from an inactive cell phone[1] and said his house was on fire. He was unable to give his address, and at one point said that he lived in Kansas. He was able to tell the 911 operator, Defendant Peter Brandon, that he lived on Cook Mountain Road. He ended up calling a number of times, hanging up some of times, but when asked he never responded with his address.

At 4:16 p.m., Mr. Brandon dispatched the fire department. He directed them to respond to the vicinity of Old Kettle Falls Road from the Highway 20 side. Mr.

---

[1] Such phones can call 911 but cannot be called back. Mr. Brown's location could not be traced because his call was transmitted through a single tower.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 3**

Brown then called back and Mr. Brandon told him that he was sending firetrucks to the location and that Mr. Brown was interfering with his ability to do his job and to not call back. At 4:18 p.m. Mr. Brown called 911 and Defendant Karin Hall took the call. Mr. Brown said that he needed help and said his name was Joseph. Ms. Hall said the fire crew was in route. At 4:21 p.m., a 911 call was received, and the caller hung up shortly thereafter. At 4:23 p.m. Mr. Brown called 911 and said, "It's already gone . . . It's fucking on fire." He was coughing. He hung up when Ms. Hall asked for his address.

One of the firetrucks, R31, dispatched to Old Kettle Falls Road on the Highway 20 or Sherman Pass side. The driver of the firetruck stated in his Affidavit that he did not see smoke in that direction but headed there anyway. ECF No. 28. At Pinegrove Junction, they still did not see any column of smoke but continued East on Highway 20. *Id.*

The other firetruck, R33, left the fire station a couple of minutes behind R31. The driver of R33 saw a column of smoke when they reached Pinegrove Junction, and headed in the direction of the smoke, which would be the areas of Highway 21 and Old Kettle Falls Road. ECF No. 29. R33 arrived on the scene at 4:28 p.m. *Id.*

Around 4:27 p.m., R31 was notified that the fire was by the PUD garage, so it turned around and headed to the fire. It arrived at the scene at 4:33 pm.

Upon arrival of the scene by R33, the trailer was fully engulfed in fire. The driver of R33 did not recall anyone mentioning that the trailer was occupied. ECF No. 29. He did hear on the radio that someone might be on the scene, but he did not know if that meant inside or outside the home. *Id.* The driver of R31 also stated that he was not told whether there was anyone in the trailer. ECF No. 28. He could not see through the windows because they were completely blacked out with smoke. After the front window was broken, Mr. Brown's body was found in the kitchen area of the trailer.

No ambulance was dispatched prior to finding Mr. Brown's body. The

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 4**

ambulance crew called Mr. Brandon twice to ask him if they should go on the call, but he said it was okay to just standby and gave the crew the option to go if they wanted. After the body was found, the ambulance was dispatched.

### Fourteenth Amendment Due Process Claim

Plaintiff is bringing a claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to bodily integrity. To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).

According to Plaintiff's Complaint, Defendants violated his Fourteenth Amendment due process right to bodily integrity when Defendants Karen Hall and Peter Brandon (1) failed to provide pre-arrival instructions on how to get to safety or how to keep Mr. Brown safe until emergency responders could arrive; (2) failed to prioritize the emergency call, including failing to obtain relevant information from Mr. Brown as to where in the residence he was located and never notified emergency responders that the structure was occupied; (3) failed to activate the appropriate emergency response; instead telling the ambulance they could do whatever they wanted but Mr. Brown was probably not going to need a trip to the hospital because he was going to be taken to jail instead; (3) and had time to gather all necessary information and provide this information to responding emergency personnel but did not do so. ECF No. 1-6.

At the hearing, Plaintiff identified the following specific affirmative conduct on the part of Mr. Brandon that put Plaintiff in danger: (1) threatening Mr. Brown that the police were coming; (2) failing to inquire further and ask questions to try to find out where Mr. Brown lived instead of yelling and fighting with Mr. Brown; and (3) failing to dispatch the ambulance in a timely fashion.

//

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 5**

In *DeShaney*, the United States Supreme Court held the Due Process clause generally does not confer any affirmative rights to government aid, even where such aid may be necessary to secure life, liberty, or property interest of which the government itself may not deprive the individual. 489 U.S. at 196.

*DeShaney* recognized that certain "special relationships" may create exceptions to the rule that the Due Process does not confer any affirmative rights to government aid. Notably, in *Patel*, the Ninth Circuit applied a "state-created danger exception" to the rule. 648 F.3d at 971. It recognized that two elements are required before the state-created danger exception applies: (1) affirmative conduct on the part of the state in placing the plaintiff in danger; and (2) the state acting with "deliberate indifference" to a "known or obvious danger." *Id.*

Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 974 (citation omitted). "[M]ere negligence—or even gross negligence—is not enough for deliberate indifference." *Id.* at 976. "The state actor must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Id.* at 974. In other words, the defendant "knows that something is going to happen but ignores the risk and exposes the plaintiff to it." *Id.* (quotation omitted).

Factors the *Patel* court considered in determining whether a state actor was deliberately indifferent included: whether the state actor acted in a manner contrary to assisting someone in a known, immediate danger; whether the state actor acted in the opposite of what a reasonable person would expect them to do; and whether the state actor makes the situation decidedly worse. *Id.* at 975. In reviewing these factors, the *Patel* court made clear that while committing a lapse in judgment may be negligence, it does not rise to the level of deliberate indifference. *Id.* at 976.

Here, reviewing the evidence in the light most favorable to Plaintiff, the Court is unable to conclude that Plaintiff's Fourteenth Amendment Due Process

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 6**

rights were violated. A reasonable jury could not conclude there was affirmative conduct by Mr. Brandon that put Mr. Brown in danger and a reasonable jury could only rely on speculation as to how he may have responded to any of Mr. Brandon's comments made directly to him. While Mr. Brandon expressed his frustration with Mr. Brown to other persons, most of these statements were not made to Mr. Brown. Even if Mr. Brandon's statements could be interpreted by Mr. Brown to mean that the police were going to arrive and arrest him, a reasonable jury could only rely on speculation to conclude that as a result of the statement, Mr. Brown chose to stay in his burning trailer, rather than leave it.

The evidence does not suggest that Mr. Brandon harbored the requisite mental state of intentionally or knowingly subjecting Mr. Brown to a known or obvious danger. Under Plaintiff's theory, in order to find that Mr. Brandon was deliberately indifferent, a reasonable jury would have to conclude that Mr. Brandon intentionally sent the firetrucks in the wrong direction, knowing that Mr. Brown would be injured or would perish in the fire. Similarly, a reasonable jury would have to conclude that Mr. Brandon intentionally refrained from dispatching the ambulance so Mr. Brown would not be treated for any injuries. A reasonable jury could not come to such conclusion. What the evidence indicates is that Mr. Brandon initially thought the calls were prank calls and his actions are consistent with his initial view of the situation. While he may have been negligent in coming to this conclusion and he may have been negligent in failing to obtain additional information from Mr. Brown, which resulted in the sending of firetrucks in the wrong direction, or negligent in failing to dispatch the ambulance, no reasonable jury could conclude that he was deliberately indifferent to Mr. Brown's safety and well-being.

### State Law Claims

The Court declines to exercise its supplemental jurisdiction over the remaining state law claims. *See United Mine Workers v. Gibb*, 383 U.S. 715, 726

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 7**

(1966) (instruction that state law claims should be dismissed if federal claims are dismissed before trial); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000-1001 (9th Cir. 1997).

### Defendants' Joint Motion to Strike

Defendants move to strike portions of affidavits that were filed by Plaintiff in opposition to Defendants' Motion for Summary Judgment. Defendants argue that the challenged portions are irrelevant and not based upon personal knowledge and should be stricken. Based on the Court's analysis set forth above, Defendants' Joint Motion to Strike is moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Joint Motion for Summary Judgment. ECF 17, is **GRANTED**, in part.

2. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff with respect to Plaintiff's Fourteenth Amendment Due Process claim.

3. The remaining state law claims are **remanded** to Lincoln County Superior Court.

4. Defendants' Motion to Strike, ECF No. 34, is **DENIED**, as moot.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 8th day of June 2020.



Stanley A. Bastian
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT, IN PART; REMANDING CASE TO STATE COURT ~ 8